IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

ALBERT B. KORB, )
)
    Plaintiff, ) 2:16-CV-01630-CB
)
vs. )
)
SUPERINTENDENT ROBERT GILMORE, )
SUPERINTENDENT MARK CAPOZZA, )
GUARD MAJOR CRAIG HAYWOOD, )
UNIT MGR. A.A. UNIT SUSAN CACVAN,
PSYCHOLOGIST MS. SCHREVE,
GUARD SGT. GIBSON, GUARD
FOWLER, GUARD MAJOR EASTOCK,
BLB UNIT MGR. MS. SORBIN, EX
COUNSELOR MR. BOMBERGER,
PSYCHOLOGIST MS. STROUP,

    Defendants,

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's Motion to Reopen Case (ECF No. 25) be denied, or in the alternative, that Plaintiff's case be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### II.   REPORT

Plaintiff initiated this action on October 28, 2016, by filing what the Court interpreted as a prisoner civil rights complaint. (ECF No. 1.) However, upon received of this filing, the Clerk's Office marked this case closed because Plaintiff did not pay the $400.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2.) In response, Plaintiff filed a

1

Motion for Leave to Proceed *in forma pauperis* on November 16, 2016, (ECF No. 3), which the Court granted the following day, (ECF No. 4).

On December 15, 2016, the Court entered an Order directing Plaintiff to file an Amended Complaint because his did not comply with the Federal Rules of Civil Procedure, and in that Order, the Court provided Plaintiff with detailed instructions on how to file a proper complaint. (ECF No. 14.) Plaintiff was directed to file his Amended Complaint by December 29, 2016. However, he did not do so.

On January 10, 2017, the Court issued an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to file an Amended Complaint. (ECF No. 16.) In that Order, Plaintiff was warned that the failure to file his Amended Complaint by January 24, 2017, or otherwise show cause, would result in the dismissal of his case for failure to prosecute. No Amended Complaint was received and on February 9, 2017 District Judge Bissoon entered an Order dismissing the case for failure to prosecute. (ECF Nos. 18, 19).

On May 11, 2017 the undersigned received a letter addressed to her from Plaintiff, stating that he had mailed the Amended Complaint as ordered, along with many other documents, but the mail room did not send them. The Court had the Clerk docket this letter as a Motion to Reopen Case and Ordered Plaintiff to file any and all documents he had in support of his claim that he gave the Amended Complaint and other documents to the mail room to be mailed, "including but not limited to any mailing receipts, postage receipts, copies of the documents sent and the Amended Complaint he proposed to file." (ECF No. 26). On June 5, 2017, and again on June 13, 2017, a number of documents were received from Plaintiff. These included a proposed Amended Complaint and many other unrelated documents, including a picture of Elvis Pressley and a communist manifesto.

2

Nothing sent to the Court supports Plaintiff's allegation that he did indeed comply with the Court's prior Orders. For this reason alone, the undersigned recommends that the Motion to Reopen be denied.

In addition, the Court has reviewed the Amended Complaint, which does not comply with most of the instructions in the Court's December 2016 Order, and fails to state a claim for which relief can be granted.

### A. **The Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from governmental officers and employees.

### B. **Standard of Review**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

3

provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the

4

applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

### C. Discussion

Plaintiff's complaint is largely incomprehensible. As best the Court can tell, Plaintiff, who is a special needs inmate, complains of an "experiment" consisting of a high frequency noise, which he calls "cybernetics". He also complains of a voice "talking hate" to him every day twenty four hours a day, which he describes as torture and avers is an illegal experiment. He states that this has been occurring since August 2014. It is interesting to note that this complaint is the same even though he has been transferred from SCI Pittsburgh to SCI Albion. There are other allegations that are both difficult to read and to comprehend. He talks about corruption in the jail and being housed with criminals in the special needs unit. However, there are no specific allegations and no statements of what rights have been violated.

Plaintiff's allegations appear to be subject to dismissal as being frivolous. "[A] complaint...is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman Hall, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis

5

either in law or fact.") (citing Neitzke, *supra*). Thus, under Section 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)). *See* Banks v. Realty Counseling Company, W.D. Pa. Civ. No. 2:13-1025 (claim that defendants used "Remote Neural Monitoring" technology to harass and steal from him dismissed as frivolous). *See also* Pavalone v. Bush, No. 3:11-1620, 2012 U.S. Dist. LEXIS 61974 (M.D. Pa. March 27, 2012) ("Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.") (numerous citations omitted); Frazier v. Southwoods State Prison, No. 06-0096, 2006 U.S. Dist. LEXIS 20832 (D. N.J. April 17, 2006) ("In accordance with the Supreme Court's guidance articulated in Neitzke and Denton, courts across the nation dismissed claims based on sets of facts that were qualified as 'fanciful, fantastic and delusional.'") (numerous citations omitted). *See also*, Simmons v. Beard, No. 3:13-0254, 2013 U.S. Dist. LEXIS 69814 (M.D. Pa. May 16, 2013) (allegations that microchips and microchip batteries have been implanted into plaintiff for purposes of mind control and torture were subject to dismissal as frivolous); Noble v. Becker, No. 03-906-KAJ, 2004 U.S. Dist. LEXIS 480 (D. Del. Jan. 15, 2004) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); Williams v. Werseter, No. 94-3839, 1994 U.S. Dist. LEXIS 8901 (E.D. Pa. June 30, 1994) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); Robinson v. Love, 155 F.R.D. 535 (E.D. Pa. 1994) (where

plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

As Plaintiff has already attempted to amend his complaint, to no avail, the court finds that allowing for additional amendment by Plaintiff would be futile.

### III. <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that the Motion To Reopen Case be denied. In the alternative, it is recommended that this action be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: June 14, 2017

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Albert B. Korb
AP-5803
SCI Albion
10745 Route 18
Albion, PA 16475

7